**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 21-cv-6814 (AKH) |
| -against- | |
| GPL VENTURES LLC, GPL MANAGEMENT LLC, ALEXANDER J. DILLON, COSMIN I. PANAIT, HEMPAMERICANA, INC., SALVADOR E. ROSILLO, SEASIDE ADVISORS, LLC, and LAWRENCE B. ADAMS, | |
| Defendants. | |

## PROTECTIVE ORDER

**WHEREAS**, the parties to this action are beginning discovery and have agreed to abide by the terms of this proposed Protective Order;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

1.      **Scope**.  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, responses to subpoenas or other voluntary requests for information from non-parties, all deposition testimony and exhibits, responses to the accountings required to be provided by GPL Ventures LLC and GPL Management LLC under the Stipulation and Order Granting Preliminary Injunction, and Order Freezing Assets and Granting Other Relief (ECF No. 33), other materials that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth

below.  As there is a presumption in favor of open and public judicial proceedings in the federal

courts, this Order shall be strictly construed in favor of public disclosure before the Court and

open proceedings, in accordance with applicable law.  The Order is subject to the Local Rules of

this District and the Federal Rules of Civil Procedure ("Rules") on matters of procedure and

calculation of time periods.

      **2.**     **Form and Timing of Designation**.  A party or non-party may designate

documents as confidential and restricted in disclosure under this Order by placing or affixing the

words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document (or, in the

case of electronically stored information produced in native format, in the document's file name

or directory name, on the media on which the document is produced, or in another manner

practical under the circumstances), to the extent practicable, in a manner that will not interfere

with the legibility of the document and that will not permit complete removal of the

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be

designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of

the production or disclosure of the documents, or, with respect to documents produced prior to

the entry of this Order, designation shall be made within fifteen business days of the entry of this

Order.  The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not

mean that the document has any status or protection by statute or otherwise except to the extent

and for the purposes of this Order.

      **3.**     **Documents That May Be Designated CONFIDENTIAL - SUBJECT TO**

**PROTECTIVE ORDER**.  Any party or non-party may designate documents as

CONFIDENTIAL  - SUBJECT TO PROTECTIVE ORDER upon making a good faith

determination that the documents contain information protected from disclosure by statute or that

should be protected from disclosure as confidential trade secrets, research, development, marketing, financial, competitive, commercial, personal, private, or such other sensitive commercial or personal information that is not publicly available.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER that are produced by another party or non-party without such a designation.  Any such upward designations shall be made within thirty days of the production of the documents or within such other time period as the parties may agree to, and shall be made by providing written notice to all parties (and, if the documents were produced by a non-party, to that person or entity) identifying (by Bates number or other individually identifiable information) the documents to be upwardly designated.  Thereafter, the upwardly designated documents will be treated under this Order in conformity with the new designation.

4.     **Documents That May Not Be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**.  The designation CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall not be applied to, and the restrictions and obligations set forth in this Order shall not apply to, any information or document that:  (i) is already public knowledge or otherwise in the public domain; (ii) has become public knowledge or enters the public domain other than as a result of disclosure by a receiving party, its employees, or agents in violation of this Order; or (iii) subject to a party's right to designate documents produced by another party or non-party, has come or shall come into a receiving party's legitimate possession independently of the party or person seeking to designate information or documents as confidential in this action; or (iv) subject to a party's right to designate documents produced by another party or non-party, has

come into a receiving party's legitimate possession prior to entry of this Order.

5.      **Depositions**.  Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such.  Such designation shall be made by (i) a statement to that effect on the record during the deposition or testimony at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) written notice, sent to all counsel of record by the designating party or non-party within ten (10) business days of receipt of the final transcript, designating the entire transcript or specific portions thereof.  Prior to such time, all portions of the deposition transcript shall be considered to have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript.   Thereafter, any portions of the deposition transcripts or exhibits so designated shall be protected as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

6.      **Protection of Confidential Material**.

(a)      **General Protections**.  Subject to the exceptions provided in paragraph 13, documents designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in paragraph 6(b) for any purpose whatsoever other than to prepare for and conduct discovery, prepare and respond to motions, and prepare for and conduct any hearings or trial in this action, including any appeal thereof.

(b)      **Limited Third-Party Disclosures**.  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in

subparagraphs (1) through (9) of this paragraph 6(b) or as permitted by paragraph 13.  Subject to

these requirements, the following categories of persons may be allowed to review documents that

have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

        **(1)**     **Counsel**.  Counsel for the parties and counsel's employees and

agents who have responsibility for the preparation (including discovery) and trial of this action;

        **(2)**     **Parties**.  Parties to this action, including any party's officers,

directors, employees, independent contractors, and interns;

        **(3)**     **The Court**.  The Court and its support personnel;

        **(4)**     **Court Reporters and Recorders**.  Court reporters and recorders

engaged for depositions;

        **(5)**     **Consultants, Investigators, and Experts**.  Consultants,

investigators, experts, or any person engaged to provide specialized advice (hereinafter referred

to collectively as "experts") employed or retained by the parties or counsel for the parties to

assist in the preparation and trial of this action or proceeding;

        **(6)**     **Outside Vendors**.  Clerical, paralegal, and data processing

personnel, not employed by the parties to this action or by their counsel, involved in the

production, reproduction, organizing, filing, coding, cataloguing, converting, storing, retrieving,

or review of documents in this action, to the extent reasonably necessary to assist a party to this

action or its counsel in this action;

        **(7)**     **Nonparties with prior knowledge of documents**.  Nonparties

who are an author, addressee, other person indicated on the face of the document as having

received a copy, or otherwise have prior knowledge of the facts disclosed in such documents, to

the extent such knowledge was not obtained in violation of this Order;

(8)     **Witnesses**.  Other persons (and their counsel) who counsel for a party in good faith believes may be called to testify at trial or deposition in this action; and

(9)     **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     **Control of Documents**.  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.

(d)     **Copies**.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER if it does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents, provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e)     **Inadvertent Production**.  The provisions governing inadvertent disclosure of privileged information in Federal Rule of Evidence 502 shall govern the inadvertent production of any document or information without a designation of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

(f)     **Order Under Federal Rule of Evidence 502(d).**  The production in this action of documents protected by the attorney-client privilege, work-product doctrine, or other

privilege from disclosure, whether inadvertent or otherwise, is not a waiver or subject-matter

waiver of the privilege or protection from discovery in this case or in any other federal or state

proceeding.  This provision shall be interpreted to provide the maximum protection allowed by

Federal Rule of Evidence 502(d).  Nothing herein limits a party's or non-party's ability to review

documents for relevance, responsiveness, or segregation of privileged or protected materials

before production.

7.      **Challenges by a Party to Designation as Confidential**.  Any CONFIDENTIAL

SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or

nonparty with standing to object (hereafter "party").  Before filing any motions or objections to a

confidentiality designation with the Court, the objecting party shall have an obligation to meet

and confer with the designating party in a good faith effort to resolve the objection by agreement.

If agreement is reached waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

designation as to any documents subject to the objection, the designating party shall notify all

parties of the nature of the agreement and specify the covered documents.

8.      **Action by the Court**.  Applications to the Court for an order relating to any

documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by

motion under Local Rule 7.1 or any other applicable Rules or the Court's Individual Rules of

Practice in Civil Cases.  Nothing in this Order or any action or agreement of a party under this

Order limits the Court's power to issue any orders that may be appropriate with respect to the use

and disclosure of any documents produced or used in discovery or at trial.

9.      **Use of Confidential Documents or Information in This Action**.  The

provisions of this Order shall not be construed as preventing the use or disclosure of any

information in any motion, hearing, or trial held in this action, or any appeal therefrom, subject to

the Rules and the Court's Individual Practices in Civil Cases.  In the event that counsel for any

party determines to file with, or submit to, the Court any documents designated

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by another party or non-party (or

papers containing or referencing such documents), such party shall seek leave of Court to file or

submit such documents or papers under seal following the procedures described in Judge

Hellerstein's Individual Rules (Part 4.B.ii), including to:  "meet and confer with any opposing

parties (or third parties seeking confidential treatment of the information, if any) in advance to

narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on

the ground that an opposing party or third party has requested it, that party shall notify the

opposing party or third party that it must file, within three days, a letter explaining the need to

seal or redact the materials."  In the event that any material previously designated as

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER becomes public in a legal

proceeding, that material will no longer be afforded confidential treatment under this Order.

      **10.**      **Obligations on Conclusion of Litigation**.

          **(a)**      **Order Remains in Effect**.  Unless otherwise agreed or ordered, this

Order shall remain in force after dismissal or entry of final judgment not subject to further

appeal.

          **(b)**      **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE**

**ORDER Documents**.  Within thirty days after dismissal or entry of final judgment not subject to

further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER under this Order, including copies as defined in paragraph 6(d), shall be returned to the

producing party unless: (1) the document has been offered into evidence or filed without

restriction as to disclosure; (2) the parties agree to destruction in lieu of return; (3) as to

documents bearing the notations, summations, or other mental impressions of the receiving

party, that party elects to destroy all such documents that are reasonably accessible to the party

(for instance, documents housed on system backup tapes maintained for disaster recovery would

not be considered reasonably accessible and therefore would not need to be destroyed under this

provision); or (4) with regard to any documents in the possession of Plaintiff Securities and

Exchange Commission ("Commission"), the Commission or its staff determines that it needs to

retain such documents to fulfill its record-keeping obligations or to carry out any permitted uses

under Commission Form 1662.  Counsel for each defendant may also retain an archival copy of

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents, provided that same are

treated and protected as contemplated by this Order, and that such documents are not to be used

for any non-archival purpose.

> (c)     **Work Product**.  Notwithstanding the above requirements to return or
destroy documents, counsel may retain attorney work product, including an index that refers or
relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so
long as that work product does not duplicate verbatim substantial portions of the text or images
of confidential documents.  This work product shall continue to be CONFIDENTIAL -
SUBJECT TO PROTECTIVE ORDER under this Order.  An attorney may use his or her work
product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER documents.  The restrictions in this subparagraph (c) do
not apply to the Commission's use of materials as permitted by Commission Form 1662.

> (d)     **Return of Documents Filed Under Seal**.  After dismissal or entry of
final judgment not subject to further appeal, the Clerk may elect to return to counsel for the
parties or, after notice, destroy documents filed or offered at trial under seal or otherwise

restricted by the Court as to disclosure.

11.     **Order Subject to Modification**.  This Order shall be subject to modification by the Court *sua sponte* or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.1 and any other applicable Rule, Order, and/or the Court's Individual Rules of Practice in Civil Cases.

12.     **Limited Protection**.  Documents not designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but produced to the Commission by any person or entity and bearing the language "Requests That These Documents Be Accorded Confidential Treatment" or "Confidential Treatment Requested By," shall be used by any defendant solely for use in connection with this action.  Subject a party's right to designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER that are produced by another party or non-party, such documents are not, however, subject to the other restrictions imposed upon those documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

13.     **Disclosures Required by Law or Permitted by Commission Form 1662**.  Notwithstanding any other provisions contained herein, this Order does not limit or restrict the Commission from using or disclosing any materials to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

14.     **Privacy Information**.  The term "Privacy Information" shall mean documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), or a financial account number (other than only last four digits thereof), regardless of whether such information has been designated as CONFIDENTIAL- SUBJECT TO

PROTECTIVE ORDER. With regard to Privacy Information that any party has obtained in this case through production of documents, other discovery, or otherwise under Fed. R. Civ. P. 26(a), that party will not disclose or use such Privacy Information other than for purposes of litigating this case, subject to the  following exceptions:

      **(a)**      The Order shall not limit or restrict the Commission from using or disclosing Privacy Information to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

      **(b)**      The Order shall not apply to Privacy Information that any party obtained or obtains independently of materials produced or provided to it in this case.  The Order shall not limit or restrict the ability to file Privacy Information in this case, or present, disclose, or use Privacy Information at trial, depositions, hearings or other proceedings in this case.

      **(c)**      The Order shall not alter the parties' obligations to comply with the requirement of Local Civil Rules 5.2(a) and (b).

    15.    **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

    16.    **No Admission**.  Nothing in this Order operates to create an admission by any party that any material disclosed in this case is relevant or admissible.  Each party specifically reserves the right to object to the use or admissibility of all material disclosed, in accordance with applicable law and Court rules.

17.     **Persons Bound**.  This Order shall take effect when entered and shall be binding upon the parties, their counsel, and persons made subject to this Order by its terms.

**STIPULATED AND AGREED BY:**


_/s/ Paul Gizzi_
Paul G. Gizzi (gizzip@sec.gov)
Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
(212) 336-1100

_Attorneys for Plaintiff Securities and_
_Exchange Commission_

_s/ Brian T. Burns_
SMITH VILLAZOR LLP
Patrick J. Smith
Brian T. Burns
250 West 55th Street, 30th Floor
New York, New York 10019
TEL: (212) 582-4400
FAX: (347) 338-2532
patrick.smith@smithvillazor.com
brian.burns@smithvillazor.com


_s/ Stanley C. Morris_
CORRIGAN & MORRIS LLP
Stanley C. Morris
12300 Wilshire Blvd., Suite 210
Los Angeles, CA 90023
Telephone (310) 394-2828
Facsimile (310) 394-2825
scm@cormorllp.com

_Attorneys for Defendants GPL Ventures LLC,_
_GPL Management LLC, Alexander J. Dillon,_
_and Cosmin I. Panait_

_s/ Caryn G. Schechtman_
DLA Piper LLP
Caryn G. Schechtman
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4593
caryn.schechtman@us.dlapiper.com

Jacob Frasch
500 8th Street NW
Washington, DC 20004
(202) 799-4423
jacob.frasch@us.dlapiper.com
_Attorneys for Defendants HempAmericana,_
_Inc. and Salvador E. Rosillo_


SO ORDERED this 10th  day of _____ May _____, 2022

/s/ Alvin K. Hellerstein
Hon. Alvin K. Hellerstein
UNITED STATES DISTRICT JUDGE
New York, NY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
|       **Plaintiff,** | **21-cv-6814 (AKH)** |
|  **-against-** | |
| **GPL VENTURES LLC,** **GPL MANAGEMENT LLC,** **ALEXANDER J. DILLON,** **COSMIN I. PANAIT,** **HEMPAMERICANA, INC.,** **SALVADOR E. ROSILLO,** **SEASIDE ADVISORS, LLC, and** **LAWRENCE B. ADAMS,** | |
|       **Defendants.** | |

## ATTACHMENT TO PROTECTIVE ORDER:

## FORM ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

1.  I have reviewed the attached Protective Order.

2.  By my signature below, I agree to the terms of the Protective Order.


By  _____
    (Print Name of Individual or Entity)


    _____
    (Signature of Individual or Entity Representative)


    _____
    (Date)

    Dated: _____