UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                Plaintiff,<br>v.<br>GPL VENTURES LLC, GPL MANAGEMENT LLC, ALEXANDER J. DILLON, COSMIN I. PANAIT, HEMPAMERICANA, INC., SALVADOR E. ROSILLO, SEASIDE ADVISORS, LLC, and LAWRENCE B. ADAMS,<br>                Defendants. | No. 1:21-CV-06814-AKH |

## ORDER ESTABLISHING A FAIR FUND, APPOINTING A TAX ADMINISTRATOR, AND AUTHORIZING THE SEC TO APPROVE PAYMENT OF THE TAX OBLIGATIONS OF THE FAIR FUND AND THE RELATED FEES AND EXPENSES OF THE TAX ADMINISTRATOR WITHOUT FURTHER COURT ORDER

The Court, having reviewed the Motion of Plaintiff Securities and Exchange Commission ("SEC") to establish a Fair Fund, appoint Heffler, Radetich & Saitta, LLP ("HRS") as tax administrator ("Tax Administrator"), and authorize payment of the tax obligations and related fees and expenses of the Tax Administrator (the "Motion") and for good cause shown,

**IT IS HEREBY ORDERED:**

1. The Motion is granted.

2. A Fair Fund ("Fair Fund") is established pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. §724699a)] for disgorgement, prejudgment interest, and civil penalties collected in the captioned matter. Any interest or earnings on the Fair Fund will be added to the Fair Fund for the benefit of harmed investors.

3. HRS is appointed Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, for all funds under the Court's jurisdiction in this case (the "Fair Fund").

4. HRS shall be designated the Tax Administrator of the Fair Fund, pursuant to Section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to (a) obtaining a taxpayer identification number, (b) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Fair Fund, and (c) satisfying any information, reporting, or withholding requirements imposed on distributions from the Fair Fund. Upon request, the Tax Administrator shall provide copies of any filings to the SEC's counsel of record.

5. The Tax Administrator shall, at such times as the Tax Administrator deems necessary to fulfill the tax obligations of the Fair Fund, submit a request to the SEC's counsel of record for payment from the Fair Fund of any tax obligations of the Fair Fund.

6. The Tax Administrator shall be entitled to charge reasonable fees for tax compliance services and related expenses in accordance with its agreement with the SEC for the Tax Years 2022 through 2024. The Tax Administrator shall, at such times as the Tax Administrator deems appropriate, submit a request to the SEC's counsel of record for payment of fees and expenses from the Fair Fund.

7.  The SEC is authorized to approve and arrange payment of all tax obligations owed by the Fair Fund and the fees and expenses of the Tax Administrator directly from the Fair Fund without further approval of this Court. All payments for taxes and the fees and expenses of the Tax Administrator shall be reported to the Court in a final accounting.

**IT IS SO ORDERED.**

Dated: Nov. 13, 2024

United States District Court Judge